Merrimack,
No. 4514.

STATE *v.* ELMER HERBERT ELLSWORTH.

Argued June 6, 1956.

Decided July 6, 1956.

302

*Louis C. Wyman,* Attorney General, *Warren E. Waters,* Deputy Attorney General, and *John W. Stanley, Jr.,* county solicitor (*Mr. Waters* orally), for the State.

*James C. Cleveland* (by brief and orally), for the defendant.

BLANDIN, J. The record discloses that when the motion to dismiss was made prior to the trial the county solicitor, in response to a question by the defendant's attorney, stated that the offense charged was under RSA 580:1, and added, "False Pretenses is the title." The material portions of this statute read as follows: "FALSE PRETENSES. If any person, with intent to cheat or defraud, shall, by personating or representing another, or by means of any false pretense or false token, counterfeit letters, or other false means, wrongfully obtain any money or other property . . . or shall, by any such means, attempt so to cheat or defraud another"; he shall be fined or imprisoned. It was neither alleged in the indictment nor proven at the trial that the defendant obtained

money, property, or anything whatsoever within the meaning of *s.* 1, *supra.* The indictment followed neither the words of the statute nor the form suggested in Justice & Sheriff, *c.* 39 (1931 *ed.*). Since no offense was charged under RSA 580:1 the defendant could not have been convicted of an attempt to commit that offense. See *State* v. *Skillings,* 98 N. H. 203, 206. The defendant's motion to dismiss should have been granted. *State* v. *Mealey,* 100 N. H. 228, and authorities cited.

The State also argues that an offense was charged under the fraudulent check statute. RSA 582:12. The difficulty with this contention is that the record discloses that the defendant was tried and sentenced under RSA 580:1, the false pretenses statute, upon an invalid indictment. It follows the order is

*Indictment quashed.*

All concurred.