Original
No. 6878

Robert V. Jones v. Joseph Vitek, Warden

June 28, 1974

*Robert V. Jones,* pro se.

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general, for the defendant.

### Memorandum Opinion

The plaintiff filed a petition for a writ of habeas corpus asserting that he had pleaded guilty on March 15, 1973, to a complaint charging him with the offense of "larceny by false pretenses" and was sentenced to a term of three to five years in State prison under RSA 580:1. He attached to his petition a copy of the complaint and waiver of indictment and a copy of the order of committal. The copy of the complaint and waiver of indictment shows that the plaintiff was charged under RSA 580:1 with wrongfully obtaining the sum of $99.75 in United States currency and coins by the "false and fraudulent pretenses" of negotiating as payable to him a check he had stolen from another. The copy of the order of committal shows that plaintiff pleaded guilty to "larceny by false pretenses as set forth in a Waiver of Indictment."

The plaintiff asserts in his petition that he pleaded "guilty to larceny by false pretenses as stated in [the order of committal] (exhibit 1) and . . . that as stated in the [complaint and waiver of indictment] (exhibit 2) that the value was $99.75, which is punishable under RSA 582:4 not RSA 580:1 . . . ." and that "the maximum penalty by virtue of RSA 582:4 — Larceny by false pretense — is a term of not more than one year . . . ."

When the plaintiff pleaded guilty on March 15, 1973 (which was prior to the adoption of the Criminal Code, RSA ch. 637 (Supp. 1973)), the crime of obtaining property by false pretenses and the crime of larceny were separate offenses, prohibited by different statutes and punishable by different terms of imprisonment. RSA 580:1 (1955); RSA 582:4, as amended by Laws 1955, 175:3; *State v. Watson*, 41 N.H. 533, 537 (1860); Report of Commission to Recommend Codification of Criminal Laws 60 (1968). *See generally* R. Perkins, Criminal Law 306, 319-21 (2d ed. 1969). Proof of the value of the property is essential in determining the class of larceny, but is not essential in establishing that property was obtained by false pretenses. *State v. Story*, 97 N.H. 141, 148, 83 A.2d 142, 148 (1951). *See generally* R. Perkins, *supra* at 238, 273-75 (2d ed. 1969).

Plaintiff's petition for a writ of habeas corpus and the attachments to it indicate that the plaintiff pleaded guilty to the offense of "larceny by false pretenses" under RSA 580:1. *Cf. State v. Ellsworth*, 100 N.H. 301, 303, 124 A.2d 203, 204 (1956). The term of imprisonment authorized by RSA 580:1 for the offense of false pretenses was not more than seven years. Plaintiff's sentence of three to five years was legal.

*Petition dismissed.*